Burton, J.,
delivered the opinion of the court.
The plaintiff in error rented to Johnson & Warren a farm for the year 1866. When the year had expired Beasly sued out an attachment and had it levied upon a part of the crop raised on the place. After this attachment suit was ended, Johnson & Warren sued Beasly for wrongfully and maliciously sueing out the attachment. On the trial of this last suit, which was had before a special judge, his Honor amongst other things instructed the jury in the following words: u That when the landlord resorts to his legal remedy by attachment to enforce the lien and collect the rents, just so much, and such parts, of the crop must be seized under the writ as will be necessary and sufficient to pay the rents due, and the costs of the proceeding; and if more than is necessary for the pur *414 pose is seized and held under the writ, and the levy, and the holding of the same is excessive, and the plaintiffs sustained loss and injury thereby, then they can l’ecover damages to the extent commensurate with the injury and loss they may have sustained by reason of the excessiveness of the levy under the writ." Under this charge the jury found a verdict against Beasly, the attachment plaintiff, and a new trial being denied him, he has appealed in error to this court.
We have not noticed other points presented by the case, for the reason that for the manifest error contained in the above instructions, a new trial must be granted.
If a sheriff make an excessive levy he is liable to the defendant in the process, and if the plaintiff in the process procures, knowdngly, the sheriff to make an excessive levy, he might ■ also be, under proper proceedings, made liable with him. But we are aware of no principle of law that requires a plaintiff to know beforehand the exact amount of property to levy on in order to make his debt; nor do we think that the mere levy upon more than enough can subject him, without more, to an action for a wrongful and malicious use of process. We see very little evidence in this record that the plaintiff was actuated by any indirect or malicious motive in the attachment suit, but as the case must undergo another trial, we make no further comment upon it.
The judgment is reversed, and the case remanded for a new trial.